IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NATALIA POTANINA, ) | |
| ) | Case No. 5:14-MC-00003-C |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Sam R. Cummings |
| ) | |
| GLOBE ENERGY SERVICES, LLC, ) | |
| TROY BOTTS, JR. ) | |
| ) | |
| Respondents. ) | |

### SETTLEMENT AGREEMENT AND
### JOINT MOTION CONCERNING PETITIONER'S SUBPOENAS

Petitioner Natalia Potanina ("Petitioner") and Respondents Globe Energy Services, LLC and Troy Botts, Jr. (collectively, "Respondents") file this Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas. In accordance with Section II.C of the Requirements for District Judge Sam R. Cummings, the parties do not seek a hearing on this filing.

1. On February 12, 2014, Petitioner filed an application for discovery pursuant to 28 U.S.C. § 1782, *see* Dkt. 1, which this Court granted on February 12, 2014 in an *ex parte* Order to Take Discovery Under 28 U.S.C. § 1782 , *see* Dkt. 6.

2. After service of the subpoenas was effected, Respondents requested that Petitioner agree to extend the period for pre-motion meet and confer discussions, and Petitioner agreed to do so. The parties filed an Agreed Motion to Enlarge Time for Responding to Petitioner's Subpoenas (Dkt. 13), which the Court granted in its Order to Enlarge Time for Responding to Petitioner's Subpoenas (Dkt. 15). That Order established a deadline of March 24, 2014, for the Respondents to serve any objections and responses to the subpoenas for production of documents

and file and serve any motions to vacate this Court's February 12, 2014 Order, and to quash or stay the subpoenas, or for other relief. On March 21, 23, and 24, the parties engaged in meet and confer discussions regarding the subpoenas. On March 24, 2014, Petitioner requested that Respondents agree to extend the period for pre-motion meet and confer discussions, and Respondents agreed to do so. The parties believed that extending the Respondents' aforementioned deadlines until Thursday, March 27, 2014, would afford the parties more time to resolve their issues without this Court's further intervention. The Court granted this enlargement of time on March 26, 2014 (Dkt. 24).

3. On March 27, 2014, Petitioner and Respondents filed a Joint Motion to Enlarge Time to Respond to Subpoenas ("March 27, 2014 Joint Motion"), stating that the parties had made substantial progress and had come to the point at which they believed that the substantive portions of the discovery dispute had been resolved (as set forth in Exhibit A to the March 27, 2014 Joint Motion), and what remained was for documentation to be prepared. (Dkt. 27).

4. On March 28, 2014, the Court granted the March 27, 2014 Joint Motion, ordering, *inter alia*, that "on or before April 2, 2014, the parties shall file with this Court their documents settling this matter, or Respondents shall serve their objections and responses to the subpoenas for the production of documents and shall file and serve any motions to vacate this Court's February 12, 2014 *ex parte* Order to Take Discovery pursuant to 28 U.S.C. § 1782 (the 'Order'), and to quash or stay the subpoenas, or for other relief." Dkt. 29.

5. The parties have agreed that the scope of the document discovery to be provided in this matter shall be as follows:

(a) Closing documents for the transactions comprising the investments in Globe Energy Services LLC ("Globe") by investment funds managed by Altpoint Capital Partners LLC ("Altpoint");

(b) Final transaction documents, if any, altering the terms of the transactions described in (a);

(c) Globe's audited financial statements received by Globe as of the date of this agreement for the period in which investments by investment funds managed by Altpoint were made in Globe;

6. The parties have agreed that, in lieu of deposition testimony, Globe will provide either a single sworn affidavit or declaration under penalty of perjury, or multiple such affidavits or declarations at the sole discretion of Globe containing the following:

(a) Authentication of the respective company's documents produced;

(b) A brief description of any face-to-face meetings and/or telephone calls between Globe and Mr. Vladimir Potanin, including (i) the month and year of the meeting or call, (ii) the estimated length of the meeting or call, (iii) a general description of the subjects discussed in that meeting or call, and (iv) the understanding of Globe's participants in the meetings and/or calls as to Mr. Potanin's relationship to the investment funds managed by Altpoint.

7. The parties have agreed to the terms of a Proposed Protective and Confidentiality Order, which accompanies this Settlement Agreement and Joint Motion ("the Agreed Protective Order"). The parties' settlement agreement is contingent upon this Court's approval of the Agreed Protective Order and its entry upon this Court's docket. Should the Court enter a form of protective order that varies from the Agreed Protective Order, either Petitioner or Respondents,

or all of them, may within three days thereof declare this settlement agreement null and void and this settlement agreement (and any order implementing it) shall have no further force and effect, provided that in the event of any such declaration Respondents' deadlines to serve their objections and responses to the subpoenas for the production of documents and to serve any motions to vacate this Court's February 12, 2014 *ex parte* Order to Take Discovery pursuant to 28 U.S.C. § 1782 (the "Order"), and to quash or stay the subpoenas, or for other relief shall be extended to the next business day after any such declaration.

8.  Provided the Agreed Protective Order is approved by this Court and entered on this Court's docket by Friday, April 4, 2014, Respondents undertake to produce the documents and information set forth in Paragraphs 5 and 6 above no later than April 8, 2014. Globe's audited financial statements for calendar year 2013, which have not yet been received, will be provided within seven days of (a) the date they have been received in final form by Globe, or (b) the date of production applicable to the documentation and information set forth in Paragraphs 5 and 6 above, whichever is later.

9.  The Respondents have represented to Petitioner that each of the Respondents has had very limited interaction with Mr. Potanin, has limited knowledge regarding Mr. Potanin and the company Interros, and has communicated primarily with Altpoint concerning the investments in Globe by investment funds managed by Altpoint.  In reliance upon these representations, Petitioner has agreed to accept from Respondents the limited documentation and information set forth in Paragraphs 5, 6 and 8 above and agrees not to further seek to enforce her subpoenas served upon Respondents, and this action shall be considered closed.  This Court shall retain jurisdiction to enforce this Settlement Agreement and Joint Motion Concerning Subpoenas and

the Agreed Protective Order, or, if any other form of protective order is entered and acquiesced in by all parties, that protective order.

10. Petitioner reserves her right to request additional discovery of Respondents at a later time in the event it appears that the representations regarding Respondents' limited interactions with Mr. Potanin and Interros are materially incorrect, or if there are material inconsistencies between Respondents' information and discovery, if any, later provided by Altpoint. Subject to this reservation of rights, the Application shall be dismissed with prejudice, the Order shall be vacated, the subpoenas quashed, and Petitioner shall seek no further discovery from Respondents. Respondents reserve the right to oppose any additional discovery, including without limitation on the ground that the representations regarding Respondents' limited interactions with Mr. Potanin and Interros are materially correct, and/or that there are no material inconsistencies between Respondents' information and discovery, if any, later provided by Altpoint, or on any other ground of fact or law available to them as of any time Petitioner invokes her reservation.

11. Neither (a) Petitioner and her privies nor (b) Respondents and their privies concede that any position taken by the other is correct or well-founded factually or legally.

12. Each party will bear its own costs with regard to the foregoing and this proceeding.

Therefore, Petitioner and Respondents respectfully request that this Court approve and so order the settlement agreement set forth herein and cause to be entered the Proposed Order and Agreed Protective Order accompanying this motion.

Dated: April 2, 2014

Respectfully submitted,

By: _____

**COUNSEL FOR RESPONDENTS
GLOBE ENERGY SERVICES, LLC
AND TROY BOTTS, JR.**

**BRACEWELL & GIULIANI LLP**
Stephen B. Crain (Federal Bar No. 12499)
J. Clifford Gunter (Federal Bar No. 533)
Nancy McEvily (Federal Bar No. 1365946)
Leslie Wilson (Federal Bar No. 1708460)
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
(713) 223-2300 Telephone
(713) 221-1212 Facsimile
stephen.crain@bgllp.com
cliff.gunter@bgllp.com
nancy.mcevily@bgllp.com
leslie.wilson@bgllp.com

**BRADY & HAMILTON, LLP**
Zachary S. Brady
Texas State Bar No. 24012320
1602 13th Street
Lubbock, Texas 79401-3831
(806) 771-1850 Telephone
(806) 771-3750 Facsimile
zach@bhlawgroup.com

**DEBEVOISE & PLIMPTON LLP**
Steven S. Michaels*
Yeugenia (Jane) Shvets*
919 Third Avenue
New York, NY 10022
(212) 909-6000 Telephone
(212) 909-6836 Facsimile
ssmichaels@debevoise.com
jshvets@debevoise.com
*Admitted pro hac vice

By: _____

**COUNSEL FOR PETITIONER
NATALIA POTANINA**

**ALSTON & BIRD LLP**
Darren McCarty
Texas State Bar No. 24007631
Jared M. Slade
Texas State Bar No. 24060618
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 922-3424 Telephone
(214) 922-3899 Facsimile
jared.slade@alston.com

Karl Geercken*
Amber Wessels-Yen*
90 Park Avenue
New York, New York 10016
(212) 210-9400 Telephone
(212) 922-3994 Facsimile
karl.geercken@alston.com
amber.wessels-yen@alston.com
*Admitted pro hac vice

## CERTIFICATE OF CONFERENCE

This motion is unopposed.  The parties certify that this agreement was reached at meet-and-confer sessions held between the parties between March 21 and March 31, 2014.

_____
Steven S. Michaels

_____
Amber Wessels-Yen

## CERTIFICATE OF SERVICE

I certify that I electronically submitted this Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas, a Proposed Protective and Confidentiality Order and a Proposed Order to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I further certify that I have served a copy of this Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas, a Proposed Protective and Confidentiality Order and a Proposed Order on counsel of record by electronic service on April 2, 2014 to the following individuals:

Darren McCarty
Jared M. Slade
Alston & Bird LLP
Texas State Bar No. 24060618
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 922-3424 Telephone
(214) 922-3899 Facsimile
darren.mccarty@aslton.com
jared.slade@alston.com

Karl Geercken*
Amber Wessels-Yen*
90 Park Avenue
New York, New York 10016
(212) 210-9400 Telephone
(212) 922-3994 Facsimile
karl.geerken@alston.com
amber.wessels-yen@alston.com
*Admitted pro hac vice
*Counsel for Petitioner*

_____
Stephen B. Crain