IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NATALIA POTANINA, ) | |
| ) | Case No. 5:14-MC-00003-C |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Sam R. Cummings |
| ) | |
| GLOBE ENERGY SERVICES, LLC, ) | |
| TROY BOTTS, JR. ) | |
| ) | |
| Respondents. ) | |

**PROTECTIVE AND CONFIDENTIALITY ORDER**

This matter having come before the Court by stipulation of petitioner Natalia Potanina ("Petitioner") and respondents Globe Energy Services LLC ("Globe") and Troy Botts, Jr. (collectively, "Respondents"), in the matter of Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) (14-MC-3 (N.D. Tex. filed Feb. 12, 2014) (the "Proceeding"), for a Protective and Confidentiality Order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.  This Protective and Confidentiality Order is being entered into to facilitate the production, exchange and discovery of documents and information that Respondents believe merits confidential treatment (hereinafter the "Documents" or "Testimony"). "Documents" or "Testimony" shall include any form of information produced, exchanged, or made available, including without limitation that contained in affidavits, declarations or other writings.

1

2. Respondents may designate Documents produced, or Testimony given, in connection with this matter as "Confidential" either by: notation on the document; statement on the record of a deposition; statement in a writing related to the provision of information other than by production, exchange, and discovery of documents or via deposition; or written advice to the respective undersigned counsel for Petitioner, with reference to the specific document(s) or information.

3. As used herein, "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential." Respondents may designate as "Confidential" that information which Respondents in good faith consider to contain or reflect non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, including without limitation information pertaining to third parties, the disclosure of which would, in the good faith judgment of Respondents, be detrimental to the interests of or the conduct of Respondents' business or the business of any of Respondents' customers or clients.

4. Petitioner may, at any time after being notified by Respondents that Documents or Testimony has been designated as Confidential but before the time specified in paragraph 16, notify Respondents that Petitioner does not concur in the designation of a document or other material as Confidential Information. Such notification shall be in writing and specify the specific document(s) or information Petitioner in good faith believes does not qualify as Confidential Information. Within seven (7) days of receipt of Petitioner's written notice, Respondents shall communicate to Petitioner in writing whether Respondents agree to declassifying the document(s) or information as Confidential. If Respondents do not agree to

2

declassify such document or material, the parties shall meet and confer in good faith to resolve any dispute(s). If, after conferring in good faith, the parties cannot reach an agreement, Petitioner may within seven (7) days move for an order declassifying those documents or materials before the District Court in which this proceeding was initiated. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information and Petitioner's objections to Respondents' classification of Confidential Information shall be waived. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Any Confidential Information relevant to Petitioner's motion shall be filed with the District Court in accordance with paragraph 9 of this Protective and Confidentiality Order.

5. Except with the prior written consent of Respondents or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a) Petitioner and her representatives and agents, so long as Petitioner secures from each such representative and agent a signed acknowledgement attached hereto as Exhibit A, for use in the following proceedings: (1) the Section 1782 proceedings in the Southern District of New York, *In re Potanina,* No 14-mc-31 and No. 14-mc-57 ("the U.S. Proceedings"); and (2) (a) the divorce proceeding between Petitioner and Vladimir Potanin in Russia (the "Potanins") and any appeals thereof, or (b) the division of the Potanins' marital assets currently pending in Russia, or (c) any other Potanin asset division proceeding or family law proceeding filed in Russia (collectively, the "Russian Proceedings"). The U.S. Proceedings and the Russian Proceedings are referred to collectively as the "Permitted Proceedings";

3

b)   counsel for Petitioner in the Permitted Proceedings, and Petitioner's associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the Permitted Proceedings, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c)   expert witnesses or consultants retained by Petitioner to furnish technical or expert services in connection with the Permitted Proceedings, or to give testimony with respect to the subject matter of such actions, so long as Petitioner secures from such expert witnesses or consultants a signed acknowledgement attached hereto as Exhibit A;

d)   the Court or court personnel in the Permitted Proceedings, if filed in accordance with paragraph 9 hereof;

e)   an officer before whom testimony is taken in a Permitted Proceeding, including stenographic court reporters and any necessary secretarial, clerical or other personnel of such officer;

f)   for a document containing Confidential Information, any person who is an author or named recipient of that document;

g)   trial, hearing or deposition witnesses in Permitted Proceedings, so long as they agree to comply with and be bound by the terms of this Protective and Confidentiality Order; and

h)   any other person agreed to by the parties hereto.

6.   Although no depositions are contemplated in this matter, should for any reason depositions be ordered in this proceeding, they shall presumptively be treated as Confidential Information and subject to this Protective and Confidentiality Order during the deposition and

4

for a period of thirty (30) days after a transcript of said deposition is received by counsel for Petitioner and Respondents. At or before the end of such thirty-day period, the deposition shall be classified appropriately.

7.  This Protective and Confidentiality Order shall not preclude counsel for Petitioner from using, during any deposition in a Permitted Proceeding, any Documents or Testimony which have been designated as "Confidential Information" under the terms hereof, provided that the corresponding portions of the deposition transcript and exhibits thereto are marked as Confidential subject to this Protective and Confidentiality Order.

8.  In the case of Documents or Testimony other than deposition Testimony, designation of Confidential Information shall be made by stamping such documents accordingly prior to their production to Petitioner. Although no depositions are contemplated in this matter, in the event of any deposition Testimony, designation of Confidential Information shall be made by notifying counsel hereto in writing of those portions of the deposition transcript which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the delivery of the transcript. Prior to the expiration of such thirty (30) day period (or until a designation is made, if such a designation is made in a shorter period of time), all such testimony shall be treated as Confidential Information.

9.  The parties hereto acknowledge that in the event Confidential Information is to be filed in any Permitted Proceeding, or is to be offered as evidence in any Permitted Proceeding, such Confidential Information shall be filed under seal or in another appropriate manner to maintain the confidentiality of such Documents or Testimony.

10.  Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

11. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature may be so designated by Respondents by written notice to the undersigned counsel for Petitioner identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. The inadvertent or unintentional disclosure by Respondents of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Respondents' claim of confidentiality either as to the specific information disclosed or as to the any other information relating thereto or on the same related subject matter, provided that Petitioner is notified. Petitioner shall not be responsible for the disclosure or other distribution of belatedly-designated Confidential Information as to such disclosure or distribution that may occur prior to the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed a violation of this Protective and Confidentiality Order.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective and Confidentiality Order.

13. This Protective and Confidentiality Order shall continue to be binding after the conclusion of the Permitted Proceedings.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. Nothing in this Protective and Confidentiality Order shall limit the use of any Confidential Information that (a) was in the possession of Petitioner at the time of its receipt; (b)

thereafter is provided to Petitioner from a source not obligated to maintain its confidentiality; or (c) is or becomes a part of the public domain by actions of someone other than Respondents, Petitioner, or any other person bound by this Protective and Confidentiality Order. For the avoidance of doubt, nothing in this paragraph 15 or elsewhere in this Protective and Confidentiality Order shall limit Petitioner's use of the substance of any information contained within Confidential Information provided to her by Respondents, as long as Petitioner knew of that information prior to Respondents providing Confidential Information to her. Any Document(s) or Testimony Respondents provide to Petitioner pursuant to the parties' Settlement Agreement and Joint Motion and this Protective and Confidentiality Order, however, shall be treated as Confidential pursuant to the terms of this Protective and Confidentiality Order regardless of Petitioner's prior knowledge of the substance of the information contained in the Document(s) or Testimony designated Confidential.

16. Within sixty (60) days after the final termination of the Permitted Proceedings, by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to Respondents or shall be destroyed, at the option of Respondents. Notwithstanding anything to the contrary, Petitioner's counsel may retain their copies of court filings and work product containing or referring to Confidential Documents or Testimony.

Dated: April 3, 2014

SO ORDERED:

SAM R. CUMMINGS
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NATALIA POTANINA, ) | |
| ) | Case No. 5:14-MC-00003-C |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Sam R. Cummings |
| ) | |
| GLOBE ENERGY SERVICES, LLC, ) | |
| TROY BOTTS, JR. ) | |
| ) | |
| Respondents. ) | |

**ACKNOWLEDGMENT AND CONSENT**

I hereby certify that: (i) I have read the Protective and Confidentiality Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including but not limited to its provisions restricting disclosure of Confidential Information and limiting the use of Confidential Information; (iv) I hereby submit to the jurisdiction of the United States Court for the Northern District of Texas for purposes of enforcement of the Order; and (v) I understand that violation of the Order is punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____          Signature:_____

                                                                                Print name:_____